UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| STEPHNI F. MCNEAL | CIVIL ACTION NO. 04-1601-A |
|---|---|
| -vs- | JUDGE DRELL |
| AVOYELLES PARISH SCHOOL BOARD and THE STATE OF LOUISIANA, THROUGH LOUISIANA DEPARTMENT OF EDUCATION | MAGISTRATE JUDGE KIRK |

## R U L I N G

Before the court is a motion for summary judgment filed by defendant State of Louisiana, through the Louisiana Department of Education ("DOE") [Doc. #10]. The plaintiff, Stephni F. McNeal ("McNeal"), has not filed a response to the motion. For the following reasons, the motion for summary judgment will be GRANTED.

### BACKGROUND

McNeal, an unsuccessful candidate for the Food Science instructor position at the Louisiana School of Agriculture and Sciences, filed suit against the school board based on the school board's selection of another, allegedly unqualified, candidate for the position. She also alleges that the DOE improperly certified the

other teacher.  The only issue raised in the DOE's motion for summary judgment is that the DOE is immune from suit under the Eleventh Amendment.

LEGAL STANDARDS

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).  A fact is "material" if its existence or nonexistence "might affect the outcome of the suit."  Anderson, 477 U.S. at 248. A dispute about a material fact is considered "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id. (internal citation and quotation marks omitted).

In making its determination, the court must draw "all justifiable inferences" in favor of the nonmoving party. Id. at 255.  Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the nonmoving party must come forward, after adequate time for discovery, with specific facts showing a genuine factual issue for trial.  See FED. R. CIV. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Such evidence should create more than a "metaphysical doubt" about the

2

material facts, Matsushita, 475 U.S. at 586, and there should be more than a theoretical possibility that the claim is good. Pennington v. Vistron Corp., 876 F.2d 414, 426 (5th Cir. 1989).

The moving party need only point out the absence of evidence supporting the nonmoving party's case, and it "need not *negate* the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Allegations in the pleadings, naked assertions of factual disputes, and conclusory allegations are not sufficient. See Fontenot v. Upjohn Co., 780 F.2d 1190, 1195-96 (5th Cir. 1996).

While the party opposing the motion may use proof filed by the movant to satisfy his burden, "only evidence – not argument, not facts in the complaint – will satisfy" the burden. Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 164 (5th Cir. 1991). "Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." Larry v. White, 929 F.2d 206, 211 n.12 (5th Cir. 1991). Finally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations omitted).

## DISCUSSION

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced

3

or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The United States Supreme Court, however, has read this provision to apply also to suits against a state by its own citizens. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-99 (1984); see also Hans v. Louisiana, 134 U.S. 1, 15-16 (1890) (noting that "the cognizance of suits and actions unknown to the law . . . was not contemplated by the constitution" and that "[t]he suability of a state, without its consent, was a thing unknown to the law").

Congress may abrogate the sovereign immunity of the states provided it acts pursuant to a valid exercise of constitutional power and makes an expression of unequivocal intent. Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). Congress did not, however, abrogate the sovereign immunity of the states with the passage of 42 U.S.C. § 1983. Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312 (5th Cir. 1999) ("Section 1983 does not abrogate Eleventh Amendment immunity."). As such, sovereign immunity applies to Louisiana with respect to this complaint.

The states may waive their sovereign immunity as well. The plaintiff has not filed a response to the motion indicating that there is a waiver of sovereign immunity with respect to this suit. The DOE is clearly an arm of the state, and therefore Louisiana is the real party in interest. There is therefore no waiver of

sovereign immunity in this case. As such, the complaint will be dismissed against the DOE.

## CONCLUSION

Based on the foregoing reasoning, the motion for summary judgment filed by the DOE will be GRANTED. The complaint against the DOE will be DISMISSED WITH PREJUDICE.

SIGNED on this 17th day of July, 2006, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

STEPHNI F. MCNEAL

-vs-

AVOYELLES PARISH SCHOOL BOARD
and THE STATE OF LOUISIANA,
THROUGH LOUISIANA
DEPARTMENT OF EDUCATION

CIVIL ACTION NO. 04-1601-A

JUDGE DRELL

MAGISTRATE JUDGE KIRK

J U D G M E N T

For written reasons set forth in the Ruling filed on this date, the motion for summary judgment filed by the State of Louisiana, through the Louisiana Department of Education ("DOE") [Doc. #10], is GRANTED. Accordingly, the complaint against DOE is DISMISSED WITH PREJUDICE to any refiling of this suit in federal court BUT without prejudice to any available state court remedies.

SIGNED on this 17th day of July, 2006, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge